# SUPREME COURT.

SAMUEL HANKINSON appellant agt. WILLIAM M. GILES, respondent.

Where in an action for *malicious prosecution*, a *stipulation* identifying certain affidavits as the originals upon which the warrant for the arrest of the plaintiff was issued, and admitting that the plaintiff was arrested upon such warrant: *Held*, that it did not authorize the defendant to read such affidavits in evidence, though the stipulation was produced on the trial by plaintiff, but signed by the defendant's attorney only.

And the case was not altered by plaintiff's first reading in evidence under such stipulation, defendant's affidavit made before the magistrate.

*New York General Term, February*, 1864.

*Before* LEONARD, *P. J.*, CLERKE *and* SUTHERLAND, *Justices*.

By the court, SUTHERLAND, J. It does not require any argument or authority to show that independent of the stipulation on page 8 of the case, it was error to permit Calvin Angier's affidavit to be read in evidence for the defendant under objection. In my opinion, the stipulation signed by the attorney for the defendant only, did not authorize him to read Angier's affidavit in evidence. Had the stipulation been signed by the attorney for the plaintiff also, I do not think it would have authorized the defendant to read it in evidence, although it might have authorized its production and identification as one of the affidavits or papers upon which Kelly, the magistrate, issued a warrant for the arrest of the plaintiff. The inference from the case on page 8, perhaps is, that the plaintiff produced the stipulation and read the defendant's affidavit in evidence, and if he did, in my opinion, this did not authorize the defendant to read Angier's affidavit in evidence, as evidence of the facts stated therein. It is plain that the reading of Angier's affidavit in evidence might materially have injured the plaintiff.

I think the order dismissing the complaint should be reversed, and a new trial ordered, with costs to abide the event.

LEONARD, J. I concur. The stipulation gave the defendant no authority to read any affidavit. Nor did the reading of Giles' affidavit by the plaintiff, authorize the reading by defendant of another sworn by Angier, although annexed to the former, and forming part of the papers on which the magistrate issued his warrant.

CLERKE, J., concurred.